J-S72020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIFFANY ROWAN, | : | |
| | : | No. 379 EDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence January 21, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0003672-2014

BEFORE:   BENDER, P.J.E., MUSMANNO, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:  **FILED MARCH 28, 2018**

In the case *sub judice*, as the Majority properly holds, Officer Anthony Space had the authority to order the passengers, including Appellant Tiffany Rowan, to exit the subject vehicle and conduct a **Terry**[1] frisk.  However, Officer Space did not exceed the scope of a permissible pat-down or improperly question Appellant about the contents of her pocket.  Accordingly, as the suppression court properly denied Appellant's motion to suppress, I would affirm her judgment of sentence, and thus, respectfully dissent.

As the suppression court relevantly held:

> [A]fter feeling what he believed to be narcotics packaging, Officer Space asked Appellant what was in her pocket.  When Appellant replied that it was money, based upon Officer Space's training and experience, he believed her answer to be false.  After

_____

[1] **Terry v. Ohio**, 392 U.S. 1 (1968).

_____

*   Former Justice specially assigned to the Superior Court.

confronting Appellant about the falsehood, Officer Space observed Appellant begin to back away, blading her body in such a way that Officer Space believed she was about to run. It was at this point that Officer Space seized Appellant by the arm, and she then admitted to him that the lump he had felt in her pocket was narcotics.

Lower Court Opinion, filed 5/31/17, at 17-18.

The Majority indicated that "when Officer Space, while feeling the lump during the pat-down search, asked [Appellant] 'what it was,' and physically restrained [Appellant], we conclude that [Appellant] was, at that point, subject to a custodial interrogation." Majority's Memorandum at 14. However, in making this determination, the Majority has not properly applied this Court's standard of review.

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. . . Where the suppression court's factual findings are supported by the record, the appellate court is bound by those finding and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa.Super. 2017) (quotation omitted).

Here, the suppression court found the officer first asked Appellant "what it was" and grabbed her arm only after she lied to him and tried to flee. The record supports the suppression court's factual finding. Thus, at the point when the officer asked "what it was," and concluded Appellant lied when she responded "money," Appellant was not in custody or deprived of her freedom in any significant way. As such, she was not subjected to custodial

interrogation.  ***See Commonwealth v. Ingram***, 814 A.2d 264 (Pa.Super. 2002) (discussing custodial interrogation).

Officer Space grabbed Appellant's arm *after* Appellant lied about the contents of her pocket and attempted to flee.  Still, under prevailing case law, Appellant was not in custody, or the functional equivalent thereof, when Officer Space grabbed her arm.  ***Commonwealth v. Valentin***, 748 A.2d 711 (Pa.Super. 2000) (where officer held the appellant's clothing during the detention and directed him to place his hands on a nearby car it was not the functional equivalent of an arrest).  Appellant then stated she had drugs in her pocket, and now supported by probable cause, Officer Space properly arrested her, as well as searched her incident to the arrest.  ***See id.*** (where the appellant admitted he had drugs in his pocket the officer had probable cause to arrest).

For all of the foregoing reasons, contrary to the Majority's substitution of their own determinations for that of the suppression judge, I conclude the suppression judge properly denied Appellant's motion to suppress, and I would affirm Appellant's judgment of sentence.  Therefore, I respectfully dissent.